IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIAM S. WAITE,

    Plaintiff,

v.  CASE NO. 1:07-cv-00045-MP-AK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

# **O R D E R**

This matter is before the Court on Doc. 36, Report and Recommendation of the Magistrate Judge, recommending that the Commissioner of Social Security's decision denying Plaintiff's applications for supplemental security income benefits filed under Title XVI of the Social Security Act, be affirmed. The Magistrate Judge filed the Report and Recommendation on Wednesday, April 30, 2008. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

After a hearing on May 3, 2006, the Administrative Law Judge ("ALJ") found that Plaintiff had a severe impairment, but that his mental conditions did not meet the listing requirements for disability. Because Plaintiff's limitations did not preclude him from performing his past relevant work, or other jobs existing in the national economy, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. Under 42 U.S.C. § 405(g), the Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir.

1997).

In his objections, Plaintiff Waite first states that the ALJ improperly discredited the opinions of his treating physicians, Drs. Normile and Roberts, and erroneously gave substantial evidentiary weight to the State Agency Review Physician.  The ALJ found that the opinions of Drs. Normile and Roberts were inconsistent with their treatment notes, and therefore the ALJ relied on the opinion of Dr. Mata, who found Plaintiff capable of simple work activities. Plaintiff argues that the ALJ's reliance upon the state agency review physician is inconsistent with the relevant case law and regulations.  Although a treating physician's opinion is entitled to substantial weight, it is not conclusive and must be supported by medically acceptable clinical or diagnostic data that is not inconsistent with the other substantial evidence in the case record. The opinions of Dr. Normile and Dr. Roberts were inconsistent with their treatment notes, and Dr. Mata's treatment notes indicated that Plaintiff was capable of simple, repetitive, entry level work.  Dr. Mata was a treating physician with a long standing treatment relationship with the Plaintiff.  Based on this, the Court agrees with the Magistrate that the ALJ has "good cause" to discredit the opinions of Dr. Normile and Dr. Roberts , and to rely on the opinion of Dr. Mata.

Next, Plaintiff argues that the ALJ erred in the conclusion with respect to the residual functional capacity ("RFC").  In determining the RFC assessment, the ALJ based his finding on a non-examining source, the state agency physician, as well as other testimony and medical sources.  The Magistrate concludes that because the ALJ clearly explained in his assessment why the opinions from some medical sources were not adopted, the ALJ's finding must be upheld. The ALJ gave weight to Dr. Mata's opinion that Plaintiff was capable of performing simple work, and found that Plaintiff's gambling activities showed a strong ability to socialize, to

accomplish demanding tasks, and to be familiar with elaborate game rules and strategies. Because a RFC assessment is based on all of the relevant evidence in the case record, not just the medical evidence, the Court agrees with the Magistrate that the ALJ properly formulated Plaintiff's RFC.

Finally, Plaintiff contends that a vocational expert's testimony should have been sought to provide testimony as to Plaintiff's non-exertional impairments. As the Magistrate points out, when an ALJ finds that a person can perform their past relevant work, he is not required to use vocational expert testimony. The Court agree with the Magistrate that because the ALJ could properly find Plaintiff capable of performing his past relevant work, no expert testimony was required.

The Court agrees with the Magistrate that the ALJ's decision is supported by substantial evidence, and must therefore be affirmed. The expert testimony and medical evidence provided the Administrative Law Judge with ample evidence to conclude that Plaintiff could perform his past relevant work, as well as other work existing in significant numbers in the national economy, and that he was therefore not disabled under the Social Security Act. Therefore, having considered the Report and Recommendation, I have determined that it should be adopted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 36, is adopted and incorporated by reference in this order.

2. The decision of the Commissioner denying benefits is AFFIRMED.

**DONE AND ORDERED** this   *16th* day of June, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge